# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In RE: | ) | |
| | ) | |
| GRADY VAN BARTON, JR | ) | Case Number: 25-41724-KAS-13 |
| DALLENE LAMOINE BARTON | ) | |
| Debtor(s) | ) | Chapter: 13 |

## **MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Creditor BSFR Property Management, LLC, Successor in Interest to Divvy Homes, Inc. ("BSFR"), by and through its undersigned counsel, moves this Honorable Court for the entry of an Order lifting or modifying the automatic stay imposed by 11 U.S.C. § 362(a) (the "Automatic Stay"), pursuant to 11 U.S.C. §362(d), FED. R. BANKR. P. 4001, LOCAL BANKR. R. L.R. 4001-1. In support thereof, BSFR respectfully states:

1. On May 2, 2025, Debtor Grady Van Barton, Jr. ("Debtor") filed a Voluntary Petition for relief under Title 11, Chapter 13 of the United State Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Missouri together with his wife, Dallene Lamoine Barton (the "Petition").

2. Debtor entered into a Residential Rental Agreement (the "Lease") with BSFR for a term of three years commencing on August 10, 2022 and ending on August 10, 2025. Pursuant to the Lease, Debtor has occupied the residential property located at 111 Wrenwood Dr. St. Clair, Missouri (the "Property").

3. A true and accurate copy of the Lease is attached hereto as **Exhibit A**.

4. Landlord is the record owner of the Property.

5. Pursuant to the Lease, Debtor is obligated to make monthly rental payments of $2,060.00 ("Rent").

6. Debtor failed to pay Rent in April 2025, May 2025, and June 2025.

1

7. Non-payment of Rent constitutes default under the Lease. *See* Exhibit A, Section (j).

8. As of May 2, 2025, the total debt owed to BSFR from Debtor totals $4,214.50.

9. Debtor failed to pay Rent for the month of June.

10. BSFR requests that the automatic stay be lifted, or otherwise modified, to allow BSFR to bring a civil suit in the Missouri Circuit Courts to repossess the property and obtain post-Petition rent.

11. Section 362(d)(1) of the Bankruptcy Code authorizes this Court to grant relief from the automatic stay "[o]n request of a party in interest… for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

12. A debtor who seeks to use property in which another entity has an interest "may have to provide adequate protection." *In re Knight Jewelry*, 168 B.R. 199, 203 (Bankr. W.D. Mo. 1994).

13. This Court may grant relief from the automatic stay where a landlord lacks adequate protection. *Id.* (citing *In re De Santis*, 66 B.R. 998 (Bankr. E.D.Pa. 1986); *In re Richards Pontiac, Inc.*, 6 B.R. 773, 777 (Bankr. E.D.N.Y. 1980)).

14. The failure to pay post-petition rent may serve as grounds to lift an automatic stay as the landlord will not be adequately protected against the debtor who continues to fall behind on post-petition rent. *In re Sweet N Sour 7th Ave. Corp.*, 431 B.R. 63 (Bankr. S.D.N.Y. 2010) (overturned on unrelated grounds); *see also In re Dorsey*, 664 B.R. 244, 252 (Bankr. W.D. Tenn. 2024) (holding that a debtor's post-petition failure to comply with the terms of the lease agreement, including failure to pay rent, constitutes cause to grant a landlord relief from an automatic stay).

15. Furthermore, the Chapter 13 Plan filed by Debtor fails to adequately protect BSFR's interest in the Property as it fails to provide full treatment for Debtor to pay Rent per the Lease. The Chapter 13 Plan misstates Rent to be $2,000.00 when per the Lease Rent is in fact $2,060.00.

16. Therefore, good cause exists to provide BSFR relief from the Automatic Stay and to allow BSFR to proceed with its civil suit against Debtor.

WHEREFORE, BSFR respectfully requests the Bankruptcy Court to enter an Order:

a. Granting BSFR relief form the Automatic Stay provisions of 11 U.S.C. § 362(a) for the purpose of removing BSFR's claim against Debtor from the Bankruptcy Court to the Missouri Circuit Court to litigate and enter a judgment in a civil suit;

b. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

BY: /s/ Zachary McMichael
Zachary R. McMichael, #68251MO
8182 Maryland Ave, Ste 1500
St. Louis, MO 63105
314-505-5464 (Phone)
314-505-5465 (Facsimile)
mcmichael@capessokol.com
*Attorney for BSFR Property Management, LLC, Successor in Interest to Divvy Homes, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served by ECF electronic noticing on this 2nd day of July, 2025, upon all counsel of record.

                                                          /s/ Zachary R. McMichael